# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60185
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2018

Lyle W. Cayce
Clerk

ROBERTO RODOLFO GUARDADO-LOPEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A071 886 325

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Roberto Rodolfo Guardado-Lopez petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the order of the Immigration Judge (IJ) denying him asylum, withholding of removal, and Convention Against Torture (CAT) relief. As the BIA resolved the merits of Guardado-Lopez's appeal, its decision constitutes a final reviewable order despite that the BIA remanded to the IJ for further proceedings as to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60185

Guardado-Lopez's request for voluntary departure. *See Holguin-Mendoza v. Lynch*, 835 F.3d 508, 509 (5th Cir. 2016). Since the BIA relied in substantial part on the IJ's order, we may consider the reasoning of both the BIA and the IJ. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

Guardado-Lopez does not challenge the BIA's dismissal of his asylum claim as untimely; accordingly, he has abandoned this claim. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). We review for substantial evidence the determination that an alien is not eligible for withholding of removal or CAT relief. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under this standard, we may not reverse a factual finding unless the evidence compels it. *Wang*, 569 F.3d at 537. Guardado-Lopez must carry the burden of demonstrating that the evidence compels a contrary conclusion. *See Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005).

To obtain withholding of removal, an applicant must "'establish that his or her life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492 (5th Cir. 2015) (quoting 8 C.F.R. § 1208.16(b)). As Guardado-Lopez does not meaningfully address the BIA's determination that he did not establish that he would be persecuted on account of his familial ties if he were returned to Honduras, he fails to show that the denial of withholding of removal is unsupported by substantial evidence. *See Zhang*, 432 F.3d at 344. We lack jurisdiction to consider Guardado-Lopez's claims that the denial of CAT relief violates his due process rights since the procedural errors he alleges were correctable by, but not exhausted before, the BIA. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

No. 17-60185

The petition for review is DISMISSED IN PART for lack of jurisdiction and DENIED IN PART.